```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JUAN AYALA,

                Petitioner,          MEMORANDUM & ORDER
                                     03-CV-3424(JS)
        -against-

JAMES CONWAY, Superintendent
Attica Correctional Facility,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Randall D. Unger, Esq.
                   42-40 Bell Boulevard
                   Suite 302
                   Bayside, NY 11361

For Respondent:    Judith R. Sternberg, Esq.
                   Tammy J. Smiley, Esq.
                   Nassau County District Attorney's Office
                   262 Old Country Road
                   Mineola, NY 11501
```

SEYBERT, District Judge:

## INTRODUCTION

Petitioner Juan Ayala ("Ayala" or "Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons below, Ayala's petition for a writ of habeas corpus is DENIED.

## PROCEDURAL HISTORY

Petitioner was convicted by a jury in the Nassau County Court, Nassau County, on May 19, 2000, of one count of murder in the second degree in violation of New York Penal Law § 125.25(2). Petitioner was sentenced to an indeterminate term of imprisonment of twenty-five years to life.

Ayala appealed his conviction to the Appellate Division,

Second Department. On appeal, Petitioner argued that he did not receive a fair trial because the trial court allowed the prosecution to introduce evidence of Petitioner's gang membership, and improperly admitted an eye-witnesses' out-of-court description of the perpetrator.

On October 7, 2002, the Appellate Division, Second Department affirmed Ayala's conviction. People v. Ayala, 298 A.D.2d 397 (N.Y. App. Div. 2002). It held that introduction of Petitioner's gang membership was proper because the "testimony was relevant to establish motive and explain to the jury the sequence of events and the relationship between the defendant and the victim," and admission of the out-of-court description was also proper because it was for a nonhearsay purpose - "to assist the jury in evaluating the witnesses' respective opportunities to observe at the time of the crime, and the reliability of their memories at the time of the identification." Id. at 398. Leave to appeal to the New York Court of Appeals was denied on December 12, 2002. People v. Ayala, 99 N.Y.2d 555, 784 N.E.2d 79, 754 N.Y.S.2d 206 (2002).

On June 3, 2003, Petitioner, proceeding pro se, moved pursuant to C.P.L. § 440.10 to vacate his judgment. Petitioner argued that he was improperly advised of his Miranda warnings, his attorney withheld exculpatory material, he was not provided with a Spanish interpreter upon arrest, his ballistics test was tainted,

2

his fingerprints were illegally obtained, his show-up was unduly suggestive, and he was framed by a detective who was subsequently arrested and convicted on federal drug charges. On September 16, 2003, the Nassau County Court denied Petitioner's motion.

On or about May 27, 2003, Ayala filed a petition for a writ of habeas corpus.[1] On September 13, 2004, Petitioner requested that the Court stay his petition while Petitioner returned to state court to exhaust additional claims. The Court granted Petitioner's request on December 23, 2004.

Petitioner retained an attorney, and on May 26, 2005, returned to state court seeking to vacate his judgment of conviction. Petitioner argued that the evidence at trial supported an intentional murder charge, but not a charge of depraved indifference murder, and therefore his conviction for depraved indifference murder should be set aside. On July 27, 2005, the court denied Petitioner's motion on the grounds that it was procedurally barred. On October 7, 2005, the New York State Appellate Division denied Petitioner's application for a certificate of appeal.

On November 3, 2005, this Court granted Petitioner's request to re-open his habeas petition, and granted Petitioner's request to supplement his petition to include the claims in

---

[1] Ayala filed his petition with the Southern District of New York. Because Petitioner was convicted and sentenced in Nassau County, the Southern District transferred the case to this Court.

Petitioner's second post-judgment motion.[2]

Petitioner argues that the trial court introduced prejudicial evidence of Petitioner's gang membership and improperly introduced hearsay testimony identifying Petitioner as the perpetrator, Petitioner received ineffective assistance of counsel at trial, Petitioner's show-up was suggestive, and Petitioner was framed by one of the detectives.

## FACTUAL BACKGROUND

Petitioner's conviction is based on events taking place in Hempstead, New York on May 28, 1999. On that night, Jose Christian Reyes ("Reyes") was standing with five friends, Luis Aguilar ("Aguilar"), James Buckley ("Buckley"), Wilber Alvarez ("Alvarez"), Jose Cruz ("Cruz"), and Carlos Perez ("Perez") in

---

[2] Ayala's initial habeas corpus application raised two arguments: that the trial court improperly admitted evidence of Petitioner's gang membership and the trial court improperly allowed out-of-court statements identifying Petitioner as the perpetrator. Petitioner sought to stay this petition while he returned to state court to exhaust his claims. During this second trip to state court, Petitioner raised only one new argument: that the evidence at trial was insufficient to support his conviction for depraved indifference murder. Thereafter, Petitioner requested permission to amend his petition to include the recently-raised argument regarding the sufficiency of the evidence at trial, which this Court granted. Petitioner's amended petition should therefore raise only three arguments. However, in the last page of his supporting memorandum, Petitioner throws in a brief paragraph conclusively stating that several additional arguments raised in Petitioner's first post-conviction motion should be heard because they raise "serious and troubling questions." While it is unclear whether these arguments are properly raised in the Amended Petition, the Court will nonetheless consider all of the claims Petitioner alludes to in his Amended Petition.

4

front of an apartment building complex in Hempstead.  As the men were talking, two men walked towards them.  Aguilar recognized one of the men, later identified as Petitioner, as a member of a street gang known as MS-13.  Aguilar was a member of a rival gang, SWP.  When Petitioner took out a gun, the group of men fled in different directions.  Petitioner fired a shot into the group, killing eighteen-year-old Reyes.

At approximately 11:30 p.m., officers from the Hempstead police department responded to a radio call reporting the incident.  At around 12:15 a.m, Perez accompanied Detective Frank Puma and another detective in an unmarked patrol car to search for the perpetrator.  Perez identified Petitioner at around 12:30 a.m., at a location approximately three and one-half blocks from the scene of the shooting.  Detective Puma arrested Petitioner shortly thereafter.  Petitioner was charged with both intentional murder and depraved indifference murder.  On April 18, 2000, a jury convicted Petitioner of depraved indifference murder and acquitted him of intentional murder.

## DISCUSSION

Petitioner bases his petition for a writ of habeas upon several central grounds.  Petitioner asserts that the trial court improperly introduced evidence of Petitioner's gang membership and allowed hearsay testimony from an eye-witness describing Petitioner as the perpetrator.  Petitioner also argues that he received

ineffective assistance of counsel at trial, his show-up was suggestive, and that he was framed by one of the detectives investigating the case. Lastly, Petitioner argues that the evidence at trial supported a charge of intentional murder and not depraved indifference murder. At both the opening and the close of the trial, the prosecution contended that Petitioner shot Reyes at point-blank range with the intent to cause his death. According to Petitioner, evidence that a defendant shot someone at point-blank range could only support a conviction for intentional murder, and cannot support a conviction for depraved indifference murder, and therefore Petitioner was improperly convicted of depraved indifference murder.

Respondent argues that none of the foregoing warrant the relief Ayala seeks because all of Petitioner's arguments are procedurally barred. Respondent further contends that even if Ayala's claims were properly before the Court, they still would not warrant relief because they otherwise lack merit.

The Court's review of the Petition is governed by the guidelines set forth at 28 U.S.C. § 2254, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The Court will first address the issue of exhaustion and then proceed to the merits of the Petition.

I.   Exhaustion And Procedural Default

One of the most well-known barriers to federal habeas relief is the failure to exhaust claims. The exhaustion doctrine is codified at 28 U.S.C. § 2254 - most specifically subsections (b) and (c). "In general, the exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." Daye v. Attorney General of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982). The doctrine is based upon principles of comity and serves to ensure that the federal courts do not interfere with state court authority. Manning v. Artuz, No. 94-3325, 1996 U.S. Dist. LEXIS 22224, at *3 (E.D.N.Y. June 3, 1996) (citing Twitty v. Smith, 614 F.2d 325 (2d Cir. 1979); see also Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

A determination of whether a petitioner has exhausted his claims involves an assessment of two criteria.

> First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts. . . Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim.

Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981); Gillespie v. Miller, No. 04-0295, 2004 U.S. Dist. LEXIS 14489, at *32 (S.D.N.Y.

7

July 29, 2004) (quoting Diaz v. Coombe, No. 97-CV-1621, 1997 U.S. Dist. LEXIS 21281, at *7-8 (S.D.N.Y. June 12, 1997)). The burden of proving exhaustion lies with the habeas petitioner. See Colon v. Johnson, 19 F. Supp. 2d 112, 120 (S.D.N.Y. 1998).

In proving that the claims have been "fairly presented," the petitioner must show that the federal constitutional claims are the same, both legally and factually, as those brought at each level of state court proceedings. See Colon, 19 F. Supp. 2d at 115 (internal citations omitted). Whether the factual basis of a claim was made known to the state court is typically a straightforward inquiry; whether the legal basis of a claim was adequately presented to the state court is often a more difficult issue. The Second Circuit has explained that

> the requirement that the state court have been given a reasonable opportunity to pass on the federal habeas claim is satisfied if the legal basis of the claim made in state court was the 'substantial equivalent' of that of the habeas claim. This means . . . that in state court the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature.

Daye, 696 F.2d at 192.

If the petitioner has failed to exhaust state remedies, the Court must consider whether the claims should be "deemed exhausted . . . [as] procedurally barred under state law." Ramirez v. Attorney General of the State of New York, 280 F.3d 87, 9 (2d Cir. 2001); Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). The

rationale for deeming procedurally barred claims exhausted is derived from the language of 28 U.S.C. § 2254(b)(1)(A), which provides that "an application . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."

A procedurally defaulted claim will generally be dismissed unless the petitioner can show (1) cause for the default and actual prejudice resulting therefrom or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. See <u>Aparicio v. Artuz</u>, 269 F.3d 78, 90 (2d Cir. 2001). If the petitioner is unable to satisfy this standard, the claims are barred from federal review. See <u>id.</u>

A. <u>Sufficiency Of The Evidence At Trial</u>

Petitioner argues that the evidence at trial was insufficient to support a guilty verdict for New York Penal Law § 125.25(2), depraved indifference murder. Respondent argues that review of this claim is barred because Petitioner did not raise this issue on appeal. The Court agrees.

Petitioner did not argue that the evidence at trial was insufficient when he appealed his guilty verdict to the Appellate Division; he raised this issue for the first time when he filed a post-judgment motion with the Nassau County Court. The County Court denied Petitioner's motion because Petitioner failed to argue the insufficiency of the trial evidence on direct appeal.

The Court finds that Petitioner procedurally defaulted by failing to raise this issue on direct appeal.

"Where a petitioner has procedurally defaulted by failing to raise a claim on direct review or where other adequate and independent state grounds provide the basis for the state decision, the claims are deemed exhausted for the purpose of federal habeas petitions because no state review is available." Farr v. Greiner, No. 01-CV-6921, 2007 U.S. Dist. LEXIS 30184, at *28-29 (E.D.N.Y. Feb. 23, 2007) (citing to Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994)); see also Clark v. Perez, 510 F.3d 382, 390 (2d Cir. N.Y. 2008) (finding that the "district court erred in holding that [petitioner's] failure to appeal constituted an inadequate state procedural default."); Brown v. Miller, 451 F.3d 54, 56 (2d Cir. 2006) ("Federal habeas courts do not generally entertain arguments that were procedurally defaulted in the state court if the finding of default constitutes an 'independent and adequate state ground' for the state court's decision."); Lebron v. Sanders, No. 02-CV-6327, 2008 U.S. Dist. LEXIS 24060, at *40 (S.D.N.Y. Mar. 25, 2008) ("A petitioner's unjustifiable failure to raise a constitutional claim on direct appeal despite a sufficient record is a procedural default . . . and therefore constitutes an independent and adequate state ground for the state court's rejection of the petitioner's claim.").

Therefore, this Court may not review Ayala's claim

"'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Bartley v. Senkowski, No. 00-CV-7272, 2004 U.S. Dist. LEXIS 12755, at *38 (E.D.N.Y. May 28, 2004)(quoting Coleman, 501 U.S. at 750). Petitioner proffers no reason why he failed to present this argument, and any potential arguments would require a great deal of inference on the part of the Court. Moreover, in considering Ayala's petition in its entirety, this Court fails to recognize any potential arguments that would justify Petitioner's default. Consequently, the Court is precluded from reviewing Petitioner's claim that the evidence at trial was insufficient to support a guilty verdict for depraved indifference murder.[3]

---

[3] Although the Court need not rule of the merits of the petition, the Court notes that the evidence at trial was sufficient to support a conviction for depraved indifference murder. Petitioner correctly points to several cases which state that a defendant may not be charged and convicted of depraved indifference murder where the evidence at trial establishes that the defendant shot a victim at point-blank range with intent to kill. See, e.g., People v. Payne, 3 N.Y.3d 266 (2004). However, the evidence in Ayala's case was sufficient for the jury to find that Ayala did not shoot Reyes at point-blank range, but rather fired a shot into a crowd of fleeing friends, a classic example of depraved indifference murder. During the trial, forensics expert, Dr. Tamara Bloom, testified that the bullet killing Reyes was not fired from a close range. (Trial Tr. Vol 1, 83, April 6, 2000.), Cruz testified that Petitioner was approximately eight feet away when he pulled out his gun and fired at the fleeing group (Trial Tr. Vol 1, 391, 411, April 10, 2000.), and Alvarez testified that Petitioner shot at the entire group (Trial Tr. Vol 1, 168, April 6, 2000.) Id. 168). With the exception of the

11

B. <u>Remaining Claims</u>

Petitioner's remaining arguments were raised in his first post-judgment motion, which was denied on September 16, 2003. Petitioner did not seek leave to appeal from that denial, and the time to appeal has expired. The exhaustion requirement "mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition." <u>Pesina v. Johnson</u>, 913 F.2d 53, 54 (2d Cir. N.Y. 1990); <u>see</u> <u>also</u> <u>Lara v. State</u>, No. 04-CV-8020, 2008 U.S. Dist. LEXIS 18994 (S.D.N.Y. Mar. 11, 2008). In the instant case, although Petitioner did not exhaust his claims by presenting them to the highest court of this state, the Court finds that Petitioner's claims are nonetheless procedurally barred.

In <u>Pesina</u>, the Second Circuit held that where a petitioner fails to appeal a decision on a 440.10 motion, a federal

---

People's opening and closing statements, which is not evidence, the majority of the testimony established that Petitioner shot a bullet into a crowd of men, conduct which satisfies the definition of depraved indifference murder. See e.g. <u>People v. Fenner</u>, 61 N.Y.2d 971, 973 (N.Y. 1984) (jury properly charged with depraved indifference murder where defendant shot into a fleeing crowd); <u>People v. Jean-Baptiste</u>, 38 A.D.3d 418, 421 (N.Y. App. Div. 1st Dep't 2007) (evidence was sufficient to support jury's conviction of depraved indifference murder and acquittal of intentional murder where defendant fired a gun into a crowd that included the victim); <u>People v. Campbell</u>, 33 A.D.3d 716, 719 (N.Y. App. Div. 2d Dep't 2006) (finding that case "fit[] into the narrow category of cases where depraved indifference murder properly applies" where the evidence established that the defendant approached three men, "pulled out a gun and fired it five times in the direction of the fleeing men.").

12

court must hold that the petitioner's claims are unexhausted. According to the Second Circuit, even if the time to appeal has passed, federal courts "have no authority to declare as a matter of state law that an appeal from the denial of [an] original Section 440.10 motion is unavailable." Pesina, 913 F.2d at 54.

Since the Pesina decision, the Supreme Court decided Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640, (1991). In Coleman, the Supreme Court reaffirmed the general principle that, "[i]n habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." Id. at 735. In a footnote, the Court stated, "[t]his rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." Id. at 735 n.1 The Court cited to Justice O'Connor's concurrence in Harris v. Reed, 489 U.S. 255, 269-270, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989), and the Court's opinion in Teague v. Lane, 489 U.S. 288, 297-298,

109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). In Harris, Justice O'Conner stated that a federal court may determine whether a claim has been procedurally defaulted under state law when a "federal habeas petitioner raises a claim which has never been presented in any state forum." Id. at 269. The concurrence went on to say, "[a] contrary rule would make no sense. . . . dismissing such petitions for failure to exhaust state court remedies would often result in a game of judicial ping-pong between the state and federal courts, as the state prisoner returned to state court only to have the state procedural bar invoked against him." Id. at 270. In Teague, Justice O'Connors majority opinion held that a habeas petitioner was procedurally barred because he failed to raise his claims before the state court.

Since Coleman, several district courts have moved away from the Pesina decision, and have held that a federal court need not require that a "federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Thomas v. Greiner, 111 F. Supp. 2d 271, 276 (S.D.N.Y. 2000); see also Maisonet v. Conway, 2007 U.S. Dist. LEXIS 49648 (E.D.N.Y. July 10, 2007) (finding that it would be a waste of judicial resources to require petitioner to return to state court where "the thirty-day time limit set out in CPL § 460.10(4)(a) for filing of leave to appeal [had] expired, barring [p]etitioner from pursuing any further argument on that claim in state court.");

DeVito v. Racette, No. 91-CV-2331, 1992 U.S. Dist. LEXIS 12059, at * 9 (E.D.N.Y. July 31, 1992) (finding that petitioner's claims were procedurally barred where "petitioner did not seek leave to appeal within the thirty days, nor [did] he appear to qualify for an extension of time in which to do so."); Rashid v. Kuhlman, No. 97-CV-3037, 2000 U.S. Dist. LEXIS 18227, at *23 (S.D.N.Y. May 26, 2000). The Second Circuit has not yet revisited its decision in Pesina.

The Court finds that the reasoning of the district court decisions since Pesina is sound. In the instant case, the Nassau County Court denied Petitioner's post-judgment motion on September 16, 2003. New York Criminal Procedure Law 460.10 requires a defendant to make an application for a certificate of appeal within thirty days after service of the post-conviction order. Here, the time for Petitioner to seek permission to appeal the denial of his CPL 440.10 motion has long since expired, and it would "be pointless to require a habeas petitioner to return to state court to pursue a claim that is obviously procedurally barred." Castillo v. Hodges, No. 01-CV-2172, 2004 U.S. Dist. LEXIS 5077, at *14 (S.D.N.Y. Mar. 29, 2004) (citing Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997)). Accordingly, the Court deems Petitioner's remaining claims procedurally barred.

Again, Petitioner has failed to present any cause for his default or actual prejudice as a result of the alleged violation of

federal law, nor has he demonstrated that failure to consider the claim will result in a fundamental miscarriage of justice. See Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). Because Petitioner is unable to show cause for his default and the Court does not find that failure to consider the claim will result in a miscarriage of justice, Petitioner's remaining claims are barred from federal review. See id.

## CONCLUSION

Petitioner's writ of habeas corpus is DENIED in its entirety. The Clerk of the Court is ordered to mark this matter as CLOSED.

Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
May  22 , 2008