```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JUAN AYALA,

                Petitioner,            MEMORANDUM & ORDER
                                       03-CV-3424(JS)
        -against-

JAMES CONWAY, Superintendent
Attica Correctional Facility,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Randall D. Unger, Esq.
                   42-40 Bell Boulevard, Suite 302
                   Bayside, NY 11361

For Respondent:    Judith R. Sternberg, Esq.
                   Tammy J. Smiley, Esq.
                   Nassau County District Attorney's Office
                   262 Old Country Road
                   Mineola, NY 11501
```

SEYBERT, District Judge:

On May 22, 2008, this Court denied Petitioner Juan Ayala's petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 (the "May 2008 Order"). The Court of Appeals for the Second Circuit has now remanded this matter for this Court to address Petitioner's arguments that (1) the trial court improperly admitted evidence of Petitioner's gang membership and (2) the trial court improperly allowed out-of-court statements identifying Petitioner as the perpetrator. The Court has reviewed these two claims and, for the reasons stated below, finds that neither warrant habeas corpus relief.

## BACKGROUND

The facts of this case were set forth in detail in the

Court's May 2008 Order. In brief, Petitioner was convicted by a jury in the Nassau County Court, Nassau County, on May 19, 2000, of one count of murder in the second degree in violation of New York Penal Law § 125.25(2). Petitioner was sentenced to an indeterminate term of imprisonment of twenty-five years to life.

The events underlying Petitioner's conviction occurred on May 28, 1999, in Hempstead, New York. On that night, the victim, Jose Christian Reyes ("Reyes"), stood in front of his apartment building, known as 299 Jackson Street, with Luis Aguilar ("Aguilar"), James Buckley ("Buckley"), Wilber Alvarez ("Alvarez"), Jose Cruz ("Cruz"), and Carlos Perez ("Perez"). Two men walked towards the group as they stood conversing under a streetlight. Aguilar recognized one of the men, later identified as Petitioner, as a member of a street gang, Mara Salvatrucha ("MS"). Aguilar was a member of a rival gang, Salvadorans With Pride ("SWP"). Petitioner took out a gun and fired a shot into the group, killing eighteen-year-old Reyes. The remainder of the group fled.

At approximately 11:30 p.m., Detective Frank Puma and Salvatore Mancuso arrived at the scene. At around 12:15 a.m, Perez accompanied the detectives in an unmarked patrol car to search for the perpetrator. Perez saw Petitioner in front of a nightclub located approximately three and one-half blocks from the scene of the shooting and informed the detectives that Petitioner had shot Reyes. Detective Puma arrested Petitioner and his companion, Lenny

Moriera ("Moriera"), shortly thereafter. Moriera and Petitioner were later driven to the crime scene.

The detectives asked Moriera to stand in front of a command bus, which had been set up at the crime scene. Cruz, who had been in the command bus, did not recognize Moriera. The officers returned Moriera to the car and brought out Petitioner; Cruz identified Petitioner as the individual who shot Reyes.

On May 29, 1999, Buckley and Alvarez identified Petitioner in a line-up. On August 5, 1999, a witness, Rodney Logan, viewed a line-up and identified Petitioner as one of the men he saw running from the area of the crime.

Petitioner was charged with both intentional murder and depraved indifference murder. On April 18, 2000, a jury convicted Petitioner of depraved indifference murder and acquitted him of intentional murder. On October 7, 2002, the Appellate Division, Second Department affirmed Ayala's conviction. People v. Ayala, 298 A.D.2d 397 (N.Y. App. Div. 2002). Leave to appeal to the New York Court of Appeals was denied on December 12, 2002. People v. Ayala, 99 N.Y.2d 555, 784 N.E.2d 79, 754 N.Y.S.2d 206 (2002).

DISCUSSION

I. Standard of Review

A federal court may entertain a petition for habeas corpus on behalf of an individual in state custody "pursuant to the judgment of a State court only on the ground that [petitioner] is

in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254 (1996). The petition for habeas corpus will not be granted with respect to any claim adjudicated on the merits in state court, unless one of two instances occur. See id. The petition may be granted if the determination made by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may also grant a petition if the decision made by the state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Petitioner's remaining claims seek review of the trial court's evidentiary rulings. Petitioner asserts that the trial court improperly introduced evidence of Petitioner's gang membership, and allowed hearsay testimony from witnesses describing Petitioner as the perpetrator. "Generally, state court rulings on evidentiary matters are a matter of state law and do not raise constitutional issues. Such rulings are not reviewable by a habeas court unless the errors alleged are so prejudicial as to constitute fundamental unfairness." Warren v. Miller, 78 F. Supp. 2d 120, 135 (E.D.N.Y. 2000) (citing Rosario v. Kuhlman, 839 F.2d 918, 924-25 (2d Cir. 1988).

The Court must first determine whether the state court violated a state evidentiary rule, "because the proper application of a presumptively constitutional state evidentiary rule could not be unconstitutional." Id. (citing Brooks v. Artuz, No. 97-CV-3300, 2000 U.S. Dist. LEXIS 15070, at *26 (S.D.N.Y. Oct. 9, 2000) (petitioner did not demonstrate an error under state evidentiary law, "much less" an error of constitutional magnitude); Jones v. Stinson, 94 F. Supp. 2d at 391-92 (once the federal court has found that the state court ruling was not erroneous under state law, there is no need to apply a constitutional analysis). Petitioner bears a heavy burden because "[e]ven an incorrect state court evidentiary ruling does not rise to the level of constitutional error necessary to warrant habeas relief, unless the error deprived Petitioner of a fundamentally fair trial." Alfini v. Lord, 245 F. Supp. 2d 493, 499 (E.D.N.Y. 2003) (citing McLean v. McGinnis, 29 F. Supp. 2d 83, 93 (E.D.N.Y. 1998).

II. Petitioner's Claims

　　A. The State Court did not Err in Allowing Evidence of Petitioner's Membership in a Gang

Petitioner argues that the trial court improperly introduced evidence of Petitioner's membership in the MS-13 gang. Petitioner raised this argument on appeal to the Appellate Division. People v. Ayala, 298 A.D.2d 397 (N.Y. App. Div. 2002). The appellate court rejected Petitioner's argument, and held that introduction of Petitioner's gang membership was proper because the

"testimony was relevant to establish motive and explain to the jury the sequence of events and the relationship between the defendant and the victim." The Court agrees.

This is not a case where there was no "discernible connection between the gang and the crimes with which the defendant was charged." People v. Sellan, 143 A.D.2d 690, 691 (N.Y. App. Div. 2d Dep't 1988). The evidence at trial showed that Petitioner fired a shot at a group of men, and that one of the men was a member of SWP, a rival gang to MS. The evidence of Petitioner's membership in the MS gang was clearly relevant to show motive, and its probative value outweighed any potential prejudice. Moreover, any potential prejudice was cured by the trial court's limiting instructions to the jury.

Thus, the Court finds that the trial court did not err in ruling that this evidence was admissible. See Gonzalez v. Duncan, 2001 U.S. Dist. LEXIS 8773 (E.D.N.Y. June 22, 2001) (finding that trial court did not err by admitting testimony that petitioner was a member of the Latin Kings because such "testimony . . . was 'relevant to motive' and the probative value of which 'outweighed its potential prejudice.'" (quoting People v. Gonzalez, 696 N.Y.S.2d 696, 697 (N.Y. App. Div. 2d Dep't 1999); see also Lou v. Mantello, No. 98-CV-5542, 2001 U.S. Dist. LEXIS 15366, at *21 n. 6 (E.D.N.Y. Sept. 25, 2001), Bernard v. Stinson, No. 97-CV-1873, 1998 U.S. Dist. LEXIS 856, at *8 (S.D.N.Y. Jan. 29, 1998) (evidence of

petitioner's member in a drug gang "was admissible to prove both motive and background."); Vinh Minh Cao v. Mann, No. 89-CV-5312, 1990 U.S. Dist. LEXIS 7330, at *9-10 (S.D.N.Y. June 18, 1990) (evidence of petitioner's membership in a gang admissible on the issue of identification).

B. Admission of Out-of-Court Descriptions

Petitioner next maintains that the trial court erred in permitting police officers to testify as to the descriptions of Petitioner given by various witnesses.

On appeal, the Second Department held that admission of the out-of-court descriptions was proper because it was for a nonhearsay purpose - "to assist the jury in evaluating the witnesses' respective opportunities to observe at the time of the crime, and the reliability of their memories at the time of the identification." People v. Ayala, 298 A.D.2d 397, 398 (N.Y. App. Div. 2002).

The Court agrees that the trial court did not err in admitting the out-of-court descriptions. At the trial, Perez, Cruz, Alvarez, and Buckley testified that they witnessed Petitioner shoot Reyes. The defense argued that the witnesses were mistaken, and that Petitioner was not in the vicinity of the shooting that night. The trial court permitted the officers who interviewed the witnesses to recount the witnesses' descriptions; the testimony was admitted not for the truth of the matter, but for assisting the

7

jury in determining whether the witnesses were mistaken.

At the trial, there was a dispute as to whether the witnesses were mistaken in identifying Petitioner. Contested issues of whether

> the complainant[s] [were] mistaken in identifying the defendant as the person perceived during the commission of the crime must be resolved by the jury. Comparison of the verbal description -- made on the basis of recollection alone, close to the time of the crime -- with the actual features of the person later corporeally identified can assist the jury in evaluating the degree to which the later physical identification may or may not have been the product of intervening memory failure or suggestion.

People v. Huertas, 75 N.Y.2d 487, 493, 553 N.E.2d 992, 554 N.Y.S.2d 444 (N.Y. 1990). The Court finds that the trial court properly admitted the officers' testimony solely to assist the jury in determining whether the various witnesses were mistaken in identifying Petitioner. See Huber v. Schriver, 140 F. Supp. 2d 265, 278 (E.D.N.Y. 2001) (trial court did not err in permitting victim to testify about the description of the petitioner that she gave to the police shortly after the incident).

The Court rejects Petitioner's claim that the ruling in Huertas applies only when a witness testifies as to his or her own prior description. It is inconsequential whether the witness or officers are permitted to testify as to prior descriptions; either testimony is relevant in assisting the jury to determine whether the witnesses were mistaken. See People v. Figueroa, 826 N.Y.S.2d

35, 36 (N.Y. App. Div. 1st Dep't 2006) (holding that trial court "properly admitted a detective's limited testimony as to the description the victim had provided of his assailant since it was relevant to the victim's ability to observe and remember the events in question, which was at issue at trial."); People v. Ragunauth, 805 N.Y.S.2d 654, 655 (N.Y. App. Div. 2d Dep't 2005).

Thus, the Court finds that the trial court's evidentiary ruling was not erroneous and that the trial court properly permitted the non-hearsay testimonies of the officers.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's writ of habeas corpus in its entirety. The Court will not issue a certificate of appealability. The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
July  17 , 2009